## William P. Mechesney v. Unity Township, Appellant.

*Negligence—Townships—Roads—Contributory negligence—Evidence.*

In an action against a township to recover damages for personal injuries suffered by falling over the side of a township bridge, the case is for the jury where the evidence for plaintiff tends to show that the bridge was a dangerous one, and that for a long time no guard-rails or wall were on the side where the accident occurred.

In such a case the question of plaintiff's contributory negligence is for the jury where it appears that there was another road by which plaintiff might have reached his destination, but the evidence is conflicting as to which of the two roads was the safer.

Argued Oct. 4, 1894. Appeal, No. 127, Oct T., 1894, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1889, No. 96, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before LONGENECKER, P. J., specially presiding.

At the trial it appeared that, on May 30, 1882, plaintiff, with a companion, Steele Mechesney, returning from Latrobe borough, drove over a bridge which was on the boundary line between Latrobe borough and defendant township. Plaintiff's evidence tended to show that the abutment of the bridge on defendant's side of the Loyalhanna creek was approached by a curve which descended by a considerable grade to the bridge. There was no guard-rail or wall on the lower side of the bridge. There was evidence that the bridge had been in this condition for some time prior to the accident. Plaintiff, in describing the accident, said: " Just when we got over the bridge, barely across the bridge, the horse suddenly shied and just plunged, himself over the abutment." Steele Mechesney testified: " Well, as we drove off through the bridge, as soon as the horse got off the plank of the bridge he frightened at something, and jumped over the side of the abutment."

Plaintiff testified that the bridge was a dangerous one, but qualified this by saying that he meant it was dangerous for persons crossing it into Latrobe.

It appeared from the evidence that there was another road which plaintiff might have taken to reach his destination, but the evidence as to which of the two roads was the safer was conflicting.

The court refused binding instructions for defendant and left the question of defendant's negligence and plaintiff's contributory negligence to the jury.

Verdict and judgment for plaintiff for $1,770.83.

*Errors assigned* were above instructions, quoting them.

*Albert H. Bell, G. Dallas Albert* with him, for appellant, cited: Monongahela City v. Fischer, 111 Pa. 14; Klages v. Terminal Co., 160 Pa. 388; Emerson v. Schoonmaker, 135 Pa. 440; Robb v. Connellsville, 137 Pa. 42; Bunting v. Hogsett, 139 Pa. 363; Winner v. Twp., 158 Pa. 405; Hill v. Twp., 146 Pa. 11; Haven v. Bridge Co., 151 Pa. 620; R. R. v. Taylor, 104 Pa. 306; Twp. v. King, 84 Pa. 230.

*J. R. Spiegel, M. N. McGeary, J. A. Marchand* and *Paul H. Gaither,* for appellee, not heard, cited: Altoona v. Lotz, 114

Pa. 238; Merriman v. Phillipsburg, 158 Pa. 78; Chilton v. Carbondale, 160 Pa. 463; Herr v. Lebanon, 149 Pa. 222; Twp. v. Graver, 125 Pa. 24; Twp. v. Merkhoffer, 71 Pa. 276; Kreider v. Turnpike Co., 162 Pa. 537.

PER CURIAM, Oct. 15, 1894:

It would have been plain error to have withdrawn the case from the jury as substantially requested in defendant's eighth point. In view of the testimony tending to prove negligence of defendant, contributory negligence of the plaintiff, etc., the case involved questions of fact which it was the exclusive province of the jury to determine; and it was submitted to them, by the learned president of the 16th judicial district, who specially presided at the trial, in a clear and comprehensive charge in which there appears to be no substantial error. It would subserve no useful purpose to notice the specifications seriatim. An examination of the record has satisfied us that neither of them should be sustained.

Judgment affirmed.